UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

AARON A. EVANS,                    BK CASE NO.: 8:24-bk-04284-CPM
                                   CHAPTER 7
    Debtor.
_____/

THE SOLOMON LAW GROUP, P.A.,

    Plaintiff,                      ADVERSARY CASE NO.:

v.

AARON A. EVANS,

    Defendant.
_____/

**THE SOLOMON LAW GROUP, P.A.'S
ADVERSARY COMPLAINT TO AVOID DISCHARGE**

The Solomon Law Group, P.A. ("**SolomonLaw**") files this Complaint against Aaron A. Evans ("**Evans**") to *oppose* the dischargeability of the debt owed by Evans to SolomonLaw pursuant to 11 U.S.C. § 1141(d)(2), 11 U.S.C. § 523(a)(2), 11 U.S.C. § 523(a)(6), the Florida Uniform Fraudulent Transfer Act, and 11 U.S.C. § 727, and states as follows:

1.     This Complaint seeks to determine the nondischargeability of Evans's debt owed to SolomonLaw stemming from: (a) Evans's commission of fraud and of

1

a fraudulent transfer of real property; and (b) Evans's commission of a false oath or account.

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523.

3. SolomonLaw is a creditor entitled to bring this action pursuant to Federal Rule of Bankruptcy Procedure 4007.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and is an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001.

## BACKGROUND

5. On December 31, 2019, Evans and SolomonLaw entered into an Engagement Agreement. Evans engaged SolomonLaw to represent Evans in the domestic relations case styled *In Re: The Marriage of Rebekah Evans and Aaron Evans*, Hillsborough County Circuit Court Case No. 19-DR-018550 (the "**Domestic Relations Case**"). The Engagement Agreement is attached hereto as Exhibit "**A**".

6. During SolomonLaw's representation of Evans in the Domestic Relations Case, Evans accrued an outstanding balance of attorneys' fees and costs for the services being performed by SolomonLaw for Evans.

7. Evans made promises to SolomonLaw that Evans would make payments toward the accruing balance. In direct reliance upon Evans's promises of payment, SolomonLaw continued to perform services for Evans in the Domestic Relations Case.

8. In <u>early-to-mid 2023</u>, SolomonLaw and Evans communicated about the accruing balance owed by Evans to SolomonLaw. Email communications between SolomonLaw and Evans from May 2023 and June 2023 regarding Evans's accruing balance are attached hereto as Exhibit "**B**".

9. On <u>June 29, 2023</u>, SolomonLaw filed in the Domestic Relations Case, and served upon Evans, a Notice of Charging Lien against Evans because of the substantial balance due and owing by Evans. SolomonLaw's June 29, 2023 Notice of Charging Lien, and SolomonLaw's June 29, 2023 email transmission to Evans furnishing the Notice of Charging Lien, are attached hereto as Exhibit "**C**".

10. On **July 17, 2023, shortly after receiving SolomonLaw's Notice of Charging Lien**, Evans transferred to Evans's live-in girlfriend, Lyndsey Davidson ("**Davidson**"), the real property located at 506 Garfield Street, East Rochester, New York 14445 (the "**New York Property**"). The Warranty Deed with Lien Covenant transferring the New York Property from Evans to Davidson on July 17, 2023 is attached hereto as Exhibit "**D**".

3

11.  Before transferring the New York Property, Evans did <u>not</u> inform SolomonLaw that Evans planned to transfer the New York Property.

12.  Following Evans's transfer of the New York Property and during the remainder of SolomonLaw's representation of Evans, Evans did <u>not</u> inform SolomonLaw that Evans had transferred the New York Property.

13.  Evans intentionally attempted to hinder SolomonLaw's ability to collect the debt by transferring the New York Property mere days after receiving SolomonLaw's Notice of Charging Lien. Evans deliberately concealed this transfer from SolomonLaw because the New York Property is an asset that SolomonLaw could pursue to satisfy the debt owed by Evans.

14.  On <u>September 15, 2023</u>, Hideaway Haven, LLC ("**Hideaway LLC**") was formed and became registered with the New York Department of State, Division of Corporations. The New York Department of State, Division of Corporations registered entry for Hideaway LLC, dated <u>April 30, 2025</u>, is attached hereto as Exhibit "**E**".

15.  On <u>March 19, 2024</u>, Davidson transferred the New York Property to Hideaway LLC. The Monroe County, New York Real Property Portal printout, dated <u>April 30, 2025</u>, evidencing the transfer of the New York Property from Davidson to Hideaway LLC is attached hereto as Exhibit "**F**".

16. On <u>May 21, 2024</u>, SolomonLaw moved to withdraw as Evans's counsel in the Domestic Relations Case because of Evans's failure to satisfy the outstanding amounts due and owing to SolomonLaw for SolomonLaw's services performed in the Domestic Relations Case.

17. On <u>July 19, 2024</u>, the court in the Domestic Relations Case entered an order permitting SolomonLaw to withdraw as Evans's counsel.

18. On <u>July 19, 2024</u>, SolomonLaw commenced the action styled *The Solomon Law Group, P.A. v. Aaron Evans*, Hillsborough County Circuit Court Case No. 24-CA-005871 (the "**Collections Case**").

19. In the Collections Case, SolomonLaw filed a two-count Complaint against Evans for breach of contract and for open account to recover from Evans the principal amount of $88,335.52 for SolomonLaw's services performed in the Domestic Relations Case, plus pre-judgment contractual interest and collections attorneys' fees and costs

20. On <u>July 24, 2024</u>, service of process was effectuated upon Evans in the Collections Case at Evans's home address of <u>**5802 Liverpool Drive, Tampa, Florida 33615**</u>.

4939-1374-7517, v. 1

21. On <u>July 25, 2024</u>, the day after being served with process in the Collections Case, Evans filed a Voluntary Petition for Chapter 13 bankruptcy relief in the United States Bankruptcy Court for the Middle District of Florida, Case No. 8:24-bk-04284.

22. Evans failed to disclose the New York Property in his Voluntary Petition and Schedules filed on July 25, 2024.

23. In paragraph 18 of "Official Form 107, Statement of Financial Affairs for Individuals Filing for Bankruptcy", located on page 34 of Evans's Schedules, Evans was specifically asked:

> **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?** Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

Evans responded "**no**" to this question.

24. Hideaway LLC is an active entity that owns the New York Property. Hideaway LLC's listed address is <u>**5802 Liverpool Drive, Tampa, Florida 33615**</u>. The printout from the East Rochester, New York Tax Receiver's website, dated <u>April 30, 2025</u>, is attached hereto as Exhibit "**G**".

25. Evans owns and lives at the real property located at **5802 Liverpool Drive, Tampa, Florida 33615**, the *same address* that is listed for Hideaway LLC. The April 30, 2025 printout from the Hillsborough County Property Appraiser's website is attached hereto as Exhibit "**H**".

26. On page two of Evans's Voluntary Petition for chapter 13 relief, and in Schedule A/B, Evans lists his home address as **5802 Liverpool Drive, Tampa, Florida 33615**, the same address that is listed for Hideaway LLC.

27. Davidson is Evans's live-in girlfriend. In fact, SolomonLaw listed Davidson on Evans's Trial Witness List in the Domestic Relations Case. Evans's Third Amended Witness List, filed in the Domestic Relations Case on February 20, 2023, is attached hereto as Exhibit "**I**". Davidson is listed in paragraph 5 of Evans's Third Amended Witness List.

## AVOIDANCE OF DISCHARGE
## PURSUANT TO THE FLORIDA UNIFORM FRAUDULENT TRANSFER ACT AND 11 U.S.C. § 523(a)(2) AND 11 U.S.C. § 523(a)(6)

28. SolomonLaw realleges and incorporates herein the allegations set forth in paragraphs 1 through 27 above.

29. Evans has committed false pretenses, false representations, and actual fraud. Evans made false promises to pay the debt that is due and owing to SolomonLaw.

4939-1374-7517, v. 1

30. While SolomonLaw relied justifiably on Evans's promises, Evans fraudulently transferred the New York Property to Davidson to hinder and to interfere with the debt owed by Evans to SolomonLaw.

31. Evans has willfully and maliciously injured SolomonLaw. Evans has intentionally hindered and impaired SolomonLaw's ability to pursue the New York Property to collect the debt owed by Evans. Evans then hid from SolomonLaw and from the Court this fraudulent transfer.

32. Evans transferred the New York Property with (a) actual intent to hinder, delay, or defraud SolomonLaw; or (b) without receiving a reasonable equivalent value in exchange for the transfer or obligation and Evans was engaged, or was about to engage, in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction, or Evans intended to incur, or Evans believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

33. The sequence of events demonstrates Evans's intent and premeditation to commit a fraudulent transfer:

> (a) the May-June 2023 discussions between SolomonLaw and Evans about Evans needing to make payments to SolomonLaw toward the accruing balance;

4939-1374-7517, v. 1

(b) SolomonLaw's Notice of Charging Lien was filed and served on June 29, 2023;

(c) the July 17, 2023 transfer of the New York Property from Evans to Davidson (Evans's live-in girlfriend);

(d) the March 19, 2024 transfer of the New York Property from Davidson to Hideaway LLC (which bears Evans's home address); and

(e) Evans's failure to disclose the New York Property, or the transfer of the New York Property, in his Voluntary Petition and Schedules.

34. Evans's fraudulent transfer occurred during the two-year clawback period set forth in 11 U.S.C. § 548 and within the four-year clawback period set forth in section 726.110, Florida Statutes (2024).

35. Based on the clear and unequivocal fraud that has been committed, Evans should not receive a Discharge, and Evans's fraudulent transfer of the New York Property should be voided.

36. Pursuant to section 726.108, Florida Statutes (2024), the Court should unwind and void the transfer of the New York Property to protect and to satisfy the debt owed by Evans to SolomonLaw, and award any further supplemental relief to rectify the fraudulent transfer.

4939-1374-7517, v. 1

## AVOIDANCE OF DISCHARGE PURSUANT TO 11 U.S.C. § 727

37. SolomonLaw realleges and incorporates herein the allegations set forth in paragraphs 1 through 27 above.

38. Evans should not receive a Discharge. Evans, with intent to hinder, delay, or defraud SolomonLaw, concealed, or permitted to be concealed, the New York Property within one year before filing the Voluntary Petition for chapter 13 relief.

39. Evans has also concealed, or permitted to be concealed, the New York Property after the date of filing the Voluntary Petition for chapter 13 relief.

40. Evans has made a false oath or account by affirmatively representing on his sworn Voluntary Petition for chapter 13 relief that Evans did not transfer any property to anyone within two years of filing his Voluntary Petition for chapter 13 relief.

41. Evans knew that he had transferred the New York Property within two years of filing his Voluntary Petition for chapter 13 relief.

4939-1374-7517, v. 1

## **DEMAND FOR ATTORNEYS' FEES AND COSTS**

42. SolomonLaw is entitled to recover its attorneys' fees and costs pursuant to the Engagement Agreement attached hereto as Exhibit "A", Federal Rule of Bankruptcy Procedure 7054, and Federal Rule of Civil Procedure 54.

/s/ Stanford R. Solomon
Stanford R. Solomon
ssolomon@solomonlaw.com
Florida Bar No. 302147
bankruptcy@solomonlaw.com
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **THE SOLOMON LAW GROUP, P.A.**

4939-1374-7517, v. 1